UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
WILLIAM HARBOUR,                    :
:
       Plaintiff,    :   Civil Action No. 10-887 (JAP)
   v.                               :
:   **OPINION**
TRACEY CALDERON,                    :
DYFS SOUTH,                         :
:
       Defendants.   :
_____ :

PISANO, District Judge:

*Pro se* Plaintiff, William Harbour seeks to bring this action *in forma pauperis*, without prepayment of fees, pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed *in forma pauperis* and order the Clerk of the Court to file the complaint.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, Plaintiff's complaint will be dismissed.

I.   BACKGROUND

Plaintiff is seeking to sue Tracey Calderon. Calderon appears to be employed by DYFS. In his complaint, Plaintiff alleges that Defendant "[d]id commit and [sic] act of negligence and civil rights violations against [him] on March 20, 2009" when he states that she delivered his daughters to "two women that assaulted [him]." Plaintiff also asserts that Defendant removed his daughters from a court ordered residence and denied him visitation. In his complaint,

1

Plaintiff alludes to an arrest for violation of a restraining order that resulted in a sentence being imposed that destroyed his life. Plaintiff appears to allege that the sentence imposed was somehow illegal. He does not, however, appear to be currently incarcerated. Plaintiff also alleges that Defendant has caused him to be charged with crimes against his children that he did not commit.

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has stated that, "[w]hile a complaint . . . does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, *supra*, 127 S. Ct. at 570).

III.  DISCUSSION

Courts are required to construe *pro se* complaints liberally, therefore, the Court will treat Plaintiff's vague claim that his civil rights were violated as being brought pursuant to 42 U.S.C. § 1983. *See Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007).  In order to state a claim for a constitutional violation against an individual defendant pursuant to 42 U.S.C. § 1983, Plaintiff must alleged the violation was caused by an agent of the government or an individual acting under the color of law.  *Poling v. K. Hovnanian Enterprises*, 99 F.Supp.2d 502, 513 (D.N.J. 2000).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Here, Plaintiff does not provide the "short plain statement" mandated by Rule 8(a) and even the most liberal reading of Plaintiff's complaint fails to reveal a claim upon which relief may be granted.  Plaintiff's allegations of negligence and civil rights violations are so vague that it is impossible to determine from the face of his complaint exactly what acts the Defendant committed that were negligent or in violation of Plaintiff's civil rights.  Further, Plaintiff fails to articulate which duties Defendant negligently breached and which of his civil rights Defendant violated.  Because Plaintiff's complaint is unduly vague, this Court concludes that it does not meet the pleading requirements of Rule 8(a)(2) and that any claims Plaintiff is attempting to assert are not facially plausible.

IV.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: March 24, 2010